**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**DAVID COREY**                                                    **CIVIL ACTION**

**VERSUS**                                                         **NO. 10-3354**

**DEEPWATER SPECIALISTS, INC., ET AL.**                            **SECTION  "H" (3)**

**REPORT AND RECOMMENDATION**

Before the Court is the Motion to Enforce Settlement [Doc. #203].  Having reviewed the

motion, the opposition and the case law, the Court rules as follows.

**I.      Background**

ENI US Operating Company, Inc. ("ENI") owns the MC-365A fixed offshore platform

located off the coast of Louisiana on the Outer Continental Shelf.  To provide services associated

with the refurbishment of the MC-365A, ENI contracted with various companies.  One of these

companies was Berry Contracting, LP ("Berry").  Berry contracted with plaintiff's employer, Triple

S Hydrostatic, to perform services on the platform.  On October 7, 2009, plaintiff was working as

a technician on the MC-365A when there was an explosion. Alleging injuries as a result of the

explosion, plaintiff brought suit against the companies performing services on the MC-365A at the

time of the explosion.

**II.      The Parties' Contentions**

### A.      Defendant LTS, L.L.C.'s Motion to Enforce Settlement

LTS, L.L.C. ("LTS") participated in mediation with plaintiff.  As a result of the mediation, plaintiff, LTS, Travelers Indemnity Company of Connecticut ("Travelers") and Lionel Sutton and Salvador Brocato reached an agreement to settle all claims against LTS for a total of $50,000.00. LTS has proposed that it deposit the monies in a trust, not to be distributed until plaintiff and the workers' compensation-intervenor, Travelers, reach a binding agreement.  Plaintiff agreed, but Travelers asks LTS to place the funds in the registry of the Court.  Based on the disagreement between plaintiff and Travelers, LTS can not obtain the signatures necessary to finalize the settlement.

LTS has no position on the division of funds between plaintiff and Travelers.  LTS asks the Court to issue an order that directs whether the funds are placed in the registry of the Court or in a trust.  LTS further asks the Court to order plaintiff to execute the necessary releases and file a motion to dismiss LTS with full prejudice, as well as an award of fees and costs associated with the motion.

### B.      Plaintiff's Opposition

Plaintiff opposes LTS's motion only to the extent that it asks the Court to order LTS to deposit the funds in the registry of the Court.  Plaintiff notes that the decision to allow a deposit into the registry of the Court under Federal Rule of Civil Procedure 67 is within the discretion of the Court.

Plaintiff argues that Travelers has no basis to object to plaintiff's counsel's deposit of the funds into a trust account.  Plaintiff contends that depositing the funds into the registry of the Court will burden the Court with unnecessary administrative obligations and burden the parties with filing

motions to withdraw.

Further, plaintiff and his counsel entered a fee agreement that permits counsel to recover expenses incurred in prosecuting his claim.  Citing case law, counsel argues that they are entitled to recover their fees before satisfaction of Travelers' lien.

C.      **Travelers' Opposition**

Travelers notes that plaintiff's settlement with LTS does not resolve the entire lawsuit, and the Court must treat the $50,000.00 as though they are the only funds that plaintiff will receive from the litigation.  Travelers recognizes that counsel for plaintiff will receive their fees and costs before its lien is satisfied.  Travelers notes that its lien is $182,181.00 so far and thus argues that plaintiff will most likely see none of the $50,000.00.

Travelers contends that the question of who is entitled to the funds can not be determined until the District Court determines whether a waiver of subrogation exists here.  Travelers argues that no valid waiver of subrogation exists here so as to defeat its intervention to recover its lien.  Until the District Court resolves this issue, Travelers maintains that the disputed funds are more properly held in the registry of the Court.

Lastly, Travelers asks the Court to deny LTS's request for fees because LTS's option to place the funds in the registry has always been its most conservative option.  Travelers maintains that its request that the funds be placed in the registry is not frivolous given the disputed ownership of the funds.

## III.   Law and Analysis

The decision whether to allow a Rule 67 deposit generally lies within the discretion of the Court.. *See Gulf States Utilities Co. v. Ala. Power Co.*, 824 F.2d 1465, 1475 (5th Cir.), *modified on*

*other grounds*, 831 F.2d 557 (5th Cir. 1987);  *In re Dep't of Energy Stripper Well Exemption Litig.*, 124 F.R.D. 217, 220 (D. Kan.1989).  No party has cited this Court to any law – and this Court has found none after an exhaustive search on Westlaw – that controls the issue here, *i.e.*, whether LTS shall deposit the funds in the registry of the Court or whether LTS shall deliver the funds to plaintiff's counsel to deposit into a trust account.  Given the dearth of case law, the Court's only recourse is to exercise its discretion under Rule 67 and deny the motion.  The Court finds that depositing the funds into the registry of the Court will burden the Court with unnecessary administrative duties such as resolving motions to withdraw.  The Court has no evidence before it that counsel for plaintiff will not place the funds into a trust account and leave them untouched until the District Court resolves the issues before it, at which time counsel for plaintiff shall deliver to Travelers any funds to which it is entitled, should circumstances so warrant.

IV.     **Conclusion**

For the foregoing reasons,

**IT IS RECOMMENDED** that the Motion to Enforce Settlement [Doc. #203] be GRANTED to the extent that after LTS delivers the funds to counsel for plaintiff, counsel shall place the funds into a trust account and leave them untouched until the District Court resolves the issues before it. In addition, after delivery of the funds, plaintiff shall execute the necessary releases and file a motion to dismiss LTS with prejudice.   The Court further denies any request for costs.

**NOTICE OF RIGHT TO OBJECT**

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge;

and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 1st day of April, 2013.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**