UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DAVID COREY** | * | CIVIL ACTION NO. 10-3354 |
| **Plaintiff** | * | |
| | * | SECTION: H |
| | * | JUDGE JANE TRICHE MILAZZO |
| **VERSUS** | * | |
| | * | |
| | * | MAGISTRATE: 3 |
| **DEEPWATER SPECIALISTS, INC, ET AL** | * | MAG. DANIEL KNOWLES, III |
| | * | |
| **Defendants** | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER AND REASONS

The matter before the Court is Petro Construction Management, LLC's ("Petro") Motion for New Trial. (Doc. 200.) For the following reasons Petro's Motion is hereby **DENIED**.

## BACKGROUND

ENI US Operating Company, Inc. ("ENI") owns the MC-365A fixed offshore platform located off the coast of Louisiana on the Outer Continental Shelf. In order to provide services associated with the refurbishment of the MC-365A, ENI contracted with various companies. One of these

companies was Berry Contracting, LP ("Berry").  Berry contracted with Plaintiff's employer, Triple S Hydrostatic, to perform services on the platform.  On October 7, 2009 Plaintiff was working as a technician on the MC-365A when there was an explosion.  Alleging injuries occurred as a result of the explosion, Plaintiff brought suit against the companies performing services on the MC-365A at the time of the explosion.

On June 29, 2011 Defendant Petro filed a Crossclaim against Berry.  (Doc. 47.)  In its Crossclaim Petro alleges that it is a contractor of ENI and is therefore a member of ENI's "Company Group" as defined by a contract that ENI and Berry ("Berry-ENI contract") had entered into on October 9, 2007.  (*Id.* at ¶¶ VII, XI.)  As a member of the "Company Group," Petro avers that it is a third party beneficiary to the Berry-ENI contract.  (*Id.* at ¶XII.)  As such, Petro contends that it is entitled to a defense, indemnity, and additional insured coverage from Berry and its insurer(s) in relation to the claims made by Plaintiff.  (*Id.* at ¶XIII.)

On October 4, 2012 Berry filed a Motion for Summary Judgment in relation to Petro's Crossclaim. (Doc. 158.) Petro opposed the Motion (Doc. 166); Berry replied to the opposition (Doc. 174); and Petro filed a sur-reply (Doc. 178).  On December 13, 2012 the Court granted Berry's Motion finding that Petro was not a part of the "Company Group" and therefore not entitled to the benefits of the indemnity provisions of the Berry-ENI contract.

On January 9, 2013 Petro filed a Motion for New Trial.  (Doc. 200.)  Berry opposed the Motion on January 22, 2013.  (Doc. 204.)  The Motion was taken under submission on January 30, 2013.

**LEGAL STANDARD**

"When a litigant seeks reconsideration of an order granting the opposition's motion for summary judgment, the proper vehicle for doing so is a Rule 59(e) motion to alter or amend the judgment, rather than a motion for new trial pursuant to Federal Rule of Civil Procedure 59(a)." *Alexander v. Prudential Fin., Inc.*, No. B-05-267, 2006 WL 2880455, at *1 (S.D. Tex. Oct. 10, 2006) (citing *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997)). Accordingly, Petro's Motion will be considered under the standards governing Rule 59(e) Motions.

A Motion under Rule 59 "[i]s not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir.2004)(*citing Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990)). Instead, Rule 59(e) serves the purpose of correcting manifest errors of law or fact, or presenting newly discovered evidence. *St. Paul Mercury Ins. Co. v. Fairgrounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997); *Sawhney v. TD Ameritrade, Inc.*, No. 09-7651, 2010 WL 5057413, at *1 (E.D. La. Dec. 2 2010). "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004)(quoting *Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir.2004)).

In the Fifth Circuit, altering, amending, or reconsidering a judgment under Rule 59(e) "[i]s an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 *(citing Clancy v. Empl'rs Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E. D. La. 2000)). "A Rule 59(e) motion should not be used to re-litigate prior matters that . . . have been resolved to the movant's dissatisfaction." *Voisin v. Tetra Techs., Inc.*, No. 08-1302, 2010 WL 3943522, at *2 (E.D.La. Oct.6, 2010). While the

district courts do have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment," *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir.1995), denial of Rule 59(e) motions to alter or amend is favored. *See S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

**LAW AND ANALYSIS**

The Court finds no basis for overturning the Court's previous Order and Reasons granting Berry's Motion for Summary Judgment. As such, Petro's Motion for New Trial is denied.

*I. Arguments of the Parties*

Petro argues that the Court did not address the argument raised in their sur-reply that they are an authorized agent of Audubon. (Doc. 200-3 at 2.) Essentially, Petro argues that because Petro was an authorized agent of Audubon it is entitled to defense and indemnity under the Berry-ENI contract. (*Id.*)

Berry argues that there was no manifest error of fact or law in the Court's previous order, that newly discovered or previously altered evidence exists that would alter the Court's ruling; that manifest injustice would not occur if the Court's ruling remained; and that there has been no intervening change in controlling law. (Doc. 204 at 3.) Further, Berry contends to suggest that the Court did not fully evaluate Petro's arguments is incredulous. (*Id.*)

*II. Analysis*

The Court finds that there was no manifest error of fact or law in its previous ruling. Accordingly, Petro's Motion for New Trial is denied.

As noted in the Court's ruling, the ENI-Audubon contract states that Audubon "[s]hall have exclusive direction and control of its employees, representatives, subcontractors and other resources engaged in the performance and supervision of the work." (Doc. 194 at 11, 12) (citing Doc. 158-5 at 4). The record is clear that Petro is a subcontractor of Audubon, not an authorized agent. (*See* Doc. 158-9 at 4-5; Doc. 166-2 at 3, 5; Doc. 174-1 at 3-4, 6.) As such, the Court's statement that Petro falls within the group over whom Audubon has exclusive direction and control directly comports with the clear terms of the ENI-Audubon contract and testimony.

Petro argued in its sur-reply (for the first time) that it was entitled defense and indemnity because it was an authorized agent of Audubon, and not ENI. In the sur-reply Petro argued, in one paragraph, that instead of being an authorized agent of ENI, it is in fact an authorized agent of Audubon. Petro provided no testimony, no contract, and no legal basis for such an argument. Even if Petro's interpretation of the Berry-ENI contract is correct, Petro provided no evidence to show that Petro was an authorized agent, and not a subcontractor, of Audubon. Thus, this argument, without any basis in law or fact, is insufficient to defeat summary judgment. *See Hockaday v. Tex. Dept. of Criminal Justice, Pardons & Paroles Div.*, 914 F. Supp. 1439, 1446 (S.D. Tex. 1996) (it is "[w]ell settled that arguments set forth in a brief response to a motion for summary judgment, unsupported by affidavits, deposition testimony, or other adequate summary judgment evidence, are insufficient to raise genuine issues of material fact to defeat a properly supported motion for summary judgment").

Accordingly, the Court finds that there was no manifest error of fact or law in its previous Order and Reasons. As such, Petro's Motion for a New Trial is denied.

## CONCLUSION

For the foregoing reasons Plaintiff's Motion for New Trial is hereby **DENIED**.

New Orleans, Louisiana on this 3rd day of June, 2013.

_____
JANE TRICHE MILAZZO
**UNITED STATES DISTRICT COURT JUDGE**