UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID COREY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-3354** |
| **DEEPWATER SPECIALISTS, INC. ET AL** | **SECTION "H"(3)** |

### ORDER

Before the Court are the Report and Recommendations of the Magistrate Judge (Doc. 446) and the objections thereto (Docs. 448 & 449). The Court rules on the objections as follows.

This matter has been pending before the Court for more than four years. The merits of this suit were disposed of, by settlement, in September of 2013. At that time, the only remaining claims were two interventions. The first settled in short order. On July 21, 2014 the Court referred the instant claim, a dispute between present and former Plaintiff's counsel over attorney's fees, to the Magistrate Judge for final resolution. The Court's referral order read, in full, "**IT IS ORDERED** that the intervention claim filed in this case (Doc. 82) is **REFERRED** to the Magistrate Judge for resolution pursuant to 28 U.S.C. § 636(c)(1)."[1]

On February 12, 2015, the Magistrate Judge issued a Report and Recommendations that recommended entering judgment in favor of Intervenors

---

[1] Doc. 409.

1

on the claim. Plaintiff objected, arguing that the Magistrate's decision was incorrect on the merits. Intervenors also objected, arguing that the Magistrate Judge erred in issuing a Report and Recommendations instead of a final judgment. Because the Court agrees with Intervenors' objection, Plaintiff's objection is denied as moot.

The Court's referral order specifically referenced 28 U.S.C. § 636(c)(1). That section provides that "Upon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a . . . civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves."[2] There can be no question that the Court referred this matter to the Magistrate Judge for the purpose of entering final judgment disposing of the intervention claim.

While there is no evidence in the record that the parties expressly consented to the referral in writing, the Court has no trouble inferring the parties' consent based on their litigation conduct. Indeed, the Supreme Court has explicitly held that a court may infer that the parties consented to the jurisdiction of a magistrate judge where the court expressly refers the matter pursuant to 28 U.S.C. § 636(c)(1) and the parties actively participate in litigation before the magistrate without objection.[3] Here, the Court expressly invoked 28 U.S.C. § 636(c)(1) and the parties engaged in more than six months of litigation before the Magistrate Judge. During that time, the parties participated in an evidentiary hearing and filed substantial briefing. At no time did a party question the jurisdiction of the Magistrate Judge. Therefore, the Court finds that the parties consented to the jurisdiction of the Magistrate Judge.

Accordingly,

---

[2] 28 U.S.C. § 636(c)(1).

[3] *Roell v. Withrow*, 538 U.S. 580, 591 (2003).

**IT IS ORDERED** that Intervenors' Objection (Doc. 450) to the Report and Recommendations is **SUSTAINED**, Plaintiff's Objection (Doc. 448) is **DENIED AS MOOT**, and this matter is referred back to the Magistrate Judge for the entry of final judgment pursuant to 28 U.S.C. § 636(c)(1).

New Orleans, Louisiana, on this 4th day of March, 2015.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**